Megan E. Glor, OSB No. 930178
Email: megan@meganglor.com
John C. Shaw, OSB No. 065086
Email: john@meganglor.com
**Megan E. Glor, Attorneys at Law, PC**
707 NE Knott Street, Suite 101
Portland, OR  97212
Telephone: (503) 223-7400
Facsimile: (503) 751-2071

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| **RILEY BOYLE,** | Case No.  6:20-cv-705 |
| Plaintiff, | **COMPLAINT** |
| | **(Employee Retirement Income** |
| v. | **Security Act of 1974, 29 U.S.C. § 1132(a))** |
| **LEGACY HEALTH PLAN NO. 504,** | |
| Defendant. | |

## I.    JURISDICTION AND VENUE

1.

*Plaintiff.*  At all times material, Plaintiff Riley Boyle was a dependent of an

COMPLAINT - Page 1 of 13

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

employee of Legacy Health and a participant in Legacy Health Plan No. 504 ("The Plan").  Plaintiff was diagnosed with both mental illness and substance use disorder.  From August 2017 through June 2018, when she was a minor, Plaintiff sought and received treatment for these severe illnesses at New Haven Residential Treatment Center, a licensed residential treatment center ("RTC") located in Utah.  Although The Plan covers medically necessary RTC services to treat mental and substance use illnesses, The Plan, through Defendants, denied all coverage provided by New Haven to Plaintiff and denied Plaintiff's appeals of the denials of coverage in violation of the terms of The Plan and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").

2.

*Legacy Health Plan No. 504.*  Legacy Health Plan No. 504 is an employee welfare benefit plan under ERISA, 29 U.S.C. § 1002(1).  The Plan includes a component plan identified as the Medical Plan, which at all times material provided health coverage for Plaintiff.

3.

*Legacy Health.*  Defendant Legacy Health is a health care system located in Multnomah County, Oregon, serving Oregon and Southwest Washington.  Legacy Health is the "Plan Sponsor" and "Plan Administrator" of The Plan and a fiduciary under ERISA.

4.

COMPLAINT - Page 2 of 13

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

*PacificSource*.  The Plan's health benefits claims are administered by Defendant PacificSource Health Plans ("PacificSource"), which is owned by Defendant Legacy Health.  PacificSource answers benefit questions, makes benefit decisions, pays claims, and processes appeals under The Plan and in that capacity is a fiduciary under ERISA. PacificSource is located in Lane County, Oregon.

## II.     JURISDICTION AND VENUE

5.

Jurisdiction of this Court arises pursuant to ERISA, 29 U.S.C. § 1001, *et seq.*, 29 U.S.C. § 1132(a)(1)(B), (3) and (e)(1).

6.

Venue is proper under 29 U.S.C. § 1132(e)(2) because, *inter alia,* a defendant resides or may be found in this district.

7.

In conformity with 29 U.S.C. §1132(h), Plaintiff has served this Complaint by Certified Mail on the Secretary of Labor and the Secretary of Treasury.

## III.    NATURE OF THE CASE

8.

This is an ERISA-governed case regarding the denial of medically necessary residential mental health benefits to Plaintiff by Defendants, PacificSource Health Plans, Legacy Health Plan No. 504 and Legacy Health (hereinafter collectively referred to as "Defendants").

**COMPLAINT - Page 3 of 13**

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

9.

Defendants denied all coverage of Plaintiff's medically necessary mental health treatment at New Haven, falsely asserting that "[s]ervices rendered by nonparticipating providers and facilities are not a covered benefit on this plan." Plaintiff appealed, showing Defendants' statement was incorrect according to the Plan's express terms and submitted additional evidence showing her treatment at New Haven was medically necessary. Defendants did not respond to, assess or refute Plaintiff's showing that the services provided by New Haven were covered or that her treatment at New Haven was medically necessary. Rather, Defendants asserted in denying Plaintiff's appeal that "Cedar Hills Hospital, Portland, OR is a qualified in-network facility for Legacy Employee Health Plan and can provide treatment for this member's diagnosis" and upheld its claim denial. Plaintiff appealed a second time, explaining that "Cedar Hills Hospital, Portland Oregon does not provide services for patient[s] 18 years or under" and that "[t]here is no inpatient residential treatment in the Portland area that addresses trauma, addiction, and depression for people under the age of 18." Defendants denied Plaintiff's second appeal without addressing or refuting these assertions or naming a single facility in the state of Oregon that was both qualified to treat Plaintiff and an in-network facility under The Plan Legacy Employee Health Plan.

10.

Under a *de novo* review or under a review for abuse of discretion, Defendants' denial of coverage of Plaintiff's medically necessary mental health treatment at New

COMPLAINT - Page 4 of 13

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

Haven was in error and an abuse of discretion. This Court should order coverage of Plaintiff's treatment by New Haven, consistent with the terms and conditions of The Plan.

## IV.   STATEMENT OF FACTS

11.

At all times material, Plaintiff received her health coverage through her mother, an employee of Legacy Health. As a result, Plaintiff is an ERISA beneficiary under The Plan. As a beneficiary, she is entitled to the health benefits set forth in The Plan.

12.

The Plan provides coverage for Plaintiff's medically necessary mental illness treatment services, including residential treatment delivered in a facility licensed to provide such care in accordance with the Plan. *See* Appendix A, pp. 24, 31, 38.

13.

In late 2016, Plaintiff began experiencing worsening mental health symptoms and, upon the advice of appropriate experts, was provided inpatient and outpatient psychiatric treatment.

14.

In February 2017, based upon worsening of Plaintiff's psychiatric symptoms and an attempted suicide and upon the advice of appropriate experts, Plaintiff was admitted (for the second time) to the pediatric inpatient psychiatric unit of Unity Hospital, Portland, Oregon.

**COMPLAINT - Page 5 of 13**

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

15.

Upon her return home after discharge from Unity, Plaintiff suffered increasing mental health symptoms, increased her use of illicit drugs, and misused prescribed drugs, despite receiving continued outpatient mental health treatment.

16.

Upon the advice of appropriate experts, Plaintiff was enrolled in and admitted to New Vision Wilderness Therapy, Bend, Oregon, from June 2 through August 15, 2017.

17.

Upon the advice of appropriate experts, Plaintiff was admitted to New Haven Residential Treatment Center, Spanish Fork, Utah ("New Haven"), on or about August 18, 2017, and remained at and received treatment provided by New Haven until June 8, 2018, when she was discharged to her home.

18.

Plaintiff's mother contacted PacificSource numerous times beginning in or about August 2017 to inquire how to request coverage for Plaintiff's treatment at New Haven. PacificSource thwarted these efforts to obtain coverage, asserting that such a request would not be approved and would be futile.

19.

Subsequently, a request for coverage was submitted on Plaintiff's behalf to PacificSource, which PacificSource denied by issuance of various Explanation of Benefit notices. In January 2018, PacificSource, on behalf of The Plan, issued a

COMPLAINT - Page 6 of 13

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

"Preauthorization Determination Notice" denying coverage. PacificSource falsely asserted as the "Explanation" for its denial decision: "Services rendered by nonparticipating providers and facilities are not a covered benefit on this plan."

20.

On or about July 23, 2018, Plaintiff, through a representative, submitted a "level-one appeal" of The Plan's medical claim denial. The appeal established, *inter alia*, that The Plan does cover "[s]ervices rendered by nonparticipating providers and facilities" under certain conditions, including as provided through The Plan's "Out Of Network Coverage Exception" provision, which states in pertinent part: "If PacificSource determined a requested covered service is medically necessary and not available from a Legacy + Network provider or facility, the service is paid at a minimum of 80 percent and subject to the out-of-pocket maximum." The appeal also explained why Plaintiff's treatment at New Haven was medically necessary.

21.

By letter dated August 23, 2018, PacificSource, on behalf of The Plan, denied Plaintiff's level-one appeal, asserting:

> The summary plan document which the subscriber's employer has with PacificSource provides for out-of-network exceptions for medically necessary services only when the service is not available from a Legacy + Network provider.
>
> This case was presented to the PacificSource Medical Grievance Committee (MGC) for discussion and determination August 08, 2018. The decision-making member of the MGC is a Physician Consultant Board Certified in Family Practice Medicine.
>
> ...The MGC noted that an out-of-network exception was requested for

COMPLAINT - Page 7 of 13

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

mental health (MH) residential (RES) treatment at New Haven Residential Treatment Center, Spanish Fork, UT for admission 08/18/2017. The MGC determined that Cedar Hills Hospital, Portland, OR is a qualified in-network facility for Legacy Employee Health Plan and can provide treatment for this member's diagnosis. The MGC let stand the original determination of non-approval of an out-of-network exception.

PacificSource's letter did not address or refute Plaintiff's showing that her treatment at New Haven was medically necessary.

22.

By letter dated December 6, 2018, Plaintiff's mother, on behalf of Plaintiff, submitted a second-level appeal of PacificSource's claim denial, explaining, *inter alia*, "This claim should not have been denied because Cedar Hills Hospital, Portland Oregon does not provide services for patient[s] 18 years or under" and that "There is no inpatient residential treatment in the Portland area that addresses trauma, addiction, and depression for people under the age of 18.  We had to send her to New Haven or we may have lost her."

23.

By letter dated January 28, 2019, PacificSource, on behalf of the The Plan, denied Plaintiff's second-level appeal, asserting in pertinent part:

> The summary plan document which the subscriber's employer has with PacificSource provides for out-of-network exceptions for medically necessary services ONLY when the service is not available from a Legacy + Network provider.
>
> This case was presented to a Physician Consultant for discussion and determination January 23, 2019. The Physician Consultant is Board Certified in Internal Medicine & Nephrology. The Physician Consultant reviewed the available medical records, the correspondence submitted, the group contract provisions, and the applicable procedures and coverage

COMPLAINT - Page 8 of 13

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

criteria.

The Physician Consultant noted that an out-of-network exception was requested for treatment of mental health issues by New Haven Residential Treatment Center. The Physician Consultant determined that there are in-network qualified residential treatment centers who can provide treatment for this member's diagnosis. The Physician Consultant let stand the original determination of non-approval of an out-of-network exception.

The Plan did not refute, or even address, Plaintiff's assertions that "Cedar Hills Hospital, Portland Oregon does not provide services for patient[s] 18 years or under" and "There is no inpatient residential treatment in the Portland area that addresses trauma, addiction, and depression for people under the age of 18."

24.

ERISA's "full and fair" review regulation, 29 C.F.R. § 2560.503-1(c), precluded The Plan from requiring that Plaintiff complete more than two levels of non-litigation appeal. The regulation provides in pertinent part:

> **Group health plans.** <u>The claims procedures of a group health plan will be deemed to be reasonable only if</u>, in addition to complying with the requirements of paragraph (b) of this section -
>
> ***
>
> **(2)** <u>The claims procedures do not contain any provision, and are not administered in a way, that requires a claimant to file more than two appeals of an adverse benefit determination prior to bringing a civil action under section 502(a) of the Act;</u>

(bold in original, underscoring added).

25.

Upon submission of the second-level appeal dated December 6, 2018, Plaintiff

COMPLAINT - Page 9 of 13

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

exhausted The Plan's two levels of mandatory appeal pursuant to the regulation.

26.

ERISA's "full and fair review" regulation, 29 C.F.R. § 2560.503-1(j), expressly required The Plan to inform Plaintiff that she had the right to file a civil action in its January 28, 2019, notification of benefit determination on review, which denied Plaintiff's second-level, final mandatory appeal on review. The regulation states:

> **(j)** *Manner and content of notification of benefit determination on review.* The plan administrator shall provide a claimant with written or electronic notification of a plan's benefit determination on review…In the case of an adverse benefit determination, the notification shall set forth, in a manner calculated to be understood by the claimant -
>
> ***
>
> **(4)**
>    **(i)** A statement describing any voluntary appeal procedures offered by the plan…and a statement of the claimant's right to bring an action under section 502(a) of the Act;

(underscoring added; bold in original).

27.

The Plan failed to inform Plaintiff that she had the right to file a civil action in its January 28, 2019, notification of benefit determination on review, in violation of the ERISA "full and fair review" regulation, 29 C.F.R. § 2560.503-1(j).

28.

The Plan also misleadingly asserted in its January 28, 2019 letter: "Members may be entitled to appeal the determination in this case. Please refer to the "Understanding Your Appeal Rights" enclosure for information on your option to further appeal this

COMPLAINT - Page 10 of 13

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

decision."

29.

The Plan's omission of the fact Plaintiff had the right to file a civil action and The Plan's vague statement Plaintiff "may be entitled to appeal" in its January 28, 2019 was misleading. The statements misleadingly suggested Plaintiff's best and/or only recourse was to pursue further non-litigation review. By letter dated March 6, 2019, Plaintiff's mother, on Plaintiff's behalf, submitted a request for external review of The Plan's denial decision. By letter dated May 31, 2019, PacificSource, on behalf of The Plan, informed Plaintiff that, "Upon independent review the reviewer finds that the previous adverse determination/adverse determinations should be: Upheld (Agree)."

30.

Plaintiff has completed all steps required prior to the filing of this Complaint under The Plan and ERISA, pursuant to 29 U.S.C. § 1133.

V. CLAIMS

**FIRST CLAIM -- FOR BENEFITS AND ENFORCEMENT OF RIGHTS UNDER ERISA § 502(A)(1)(B), 29 U.S.C. § 1132(A)(1)(B)**

31.

Plaintiff realleges paragraphs 1 through 30, above.

32.

ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), authorizes Plaintiff to recover benefits under the terms of The Plan.

33.

COMPLAINT - Page 11 of 13

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

By denying Plaintiff's claim and benefits under The Plan, Defendants have violated and continue to violate ERISA § 502(a)(1)(B), 29 U.S.C. § 1132 (a)(1)(B).

34.

As the result of Defendants' denial of coverage of the benefits due and owing Plaintiff under the terms of The Plan, Plaintiff has been damaged in the gross amount of $153,848.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays that she recover judgment in her favor and against The Plan for an Order:

(1) Approving and requiring Defendants to approve and provide coverage under The Plan for Plaintiff's Residential Treatment at New Haven from her admission on or about August 18, 2017 through her discharge on or about June 8, 2018, pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

(2) Ordering Defendants to reimburse and pay Plaintiff the monies expended on her behalf in the amount of $153,848 for the treatment Plaintiff received at New Haven from on or about August 18, 2017 through on or about June 8, 2018, pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

(3) Ordering Defendants to pay prejudgment interest pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

(4) Ordering Defendants to pay Plaintiff's attorney fees and costs, pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g)(1); and

COMPLAINT - Page 12 of 13

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

(5) Ordering other and further equitable relief in favor of Plaintiff and against Defendants pursuant to ERISA, § 502(a), 29 U.S.C. § 502(a), as this Court deems just and proper.

DATED:  April __, 2020.

<u>s/ Megan E. Glor</u>
Megan E. Glor, OSB No. 930178
Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97266
Phone: (503) 223-7400
Fax: (503) 751-2071
Attorney for Plaintiff

**COMPLAINT - Page 13 of 13**

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400